United States v. Jones. I'll wait for the attorneys. Okay, Ms. Williams. Good morning, Chief Judge. Good morning. Judge Hall, Judge Joe Flatt. I'm also going to address the Rahafe issue. And as Mr. Lopez pointed out, we're kind of in a change of circumstances after the case law has come out. And Moore has pretty well precluded the issues that we raised on the jurisdictional matters. And we now know that it's that in this case, that Mr. Jones didn't satisfy the plein air standard and his conviction should be reversed. I think Mr. Jones could have raised issues that if he had known that the knowledge element was a required element, he could have filed a motion to suppress his statement that was made. He could have. But the fact is that he did admit to the officer at the scene that he was a felon, right? That was the fact that came out of trial. Yes, sir. And he had previously been convicted of being a felon in possession, right? Well, the charge was felon or delinquent in possession of a firearm. But yes, there was that prior and it was a state charge. Yes, sir. How old was he at the time? At that time, he was 21 years old. So it wasn't a delinquency. No, your honor, he was 21. And he dropped the gun back into someone else's car, which would be some evidence of consciousness or awareness that he's not supposed to have, right? That was the fact that came out of trial. Yes, sir. Okay. But again, if he had known that this element had to be proved, I would think that he could have done, he and his lawyer would have tried to do things quite differently. For instance, I think there could have been a basis to suppress that statement. It's kind of unclear from the record if it was pre-Miranda or post-Miranda. And it's also kind of unclear from the record the circumstances under which it was made. The officer just basically testified that the defendant... Why would he have had any more incentive to keep that statement out than earlier? I mean, that was just a bad fact for him, no matter what, wasn't it? So he had plenty of incentive to move to suppress that statement, even the way the case unfolded. I don't disagree, your honor, but he did not move to suppress it. I would think now with it being the knowledge element being a part of the offense, that he definitely would have moved to suppress it. I can't speculate on what happened at the trial. Other than... Tell me this. You've got another issue too. You've got the Armed Career Criminal Act issue. That strikes me as an invited error problem. Well, first of all, it's currently before the Supreme Court on the aggravated assault. But in terms of what our circuit precedent is, what would you say? It's a difficult issue, your honor. Right. And Turner versus Coleman also is the precedent in this circuit at this point in time. But counsel conceded in the district court that aggravated assault with a firearm, that's a crime of violence. So he couldn't object to that. That's just reading from the transcript. And it looks like the calculations are correct, that Mr. Jones does qualify for a sentence under the Armed Career Criminal Act. That's precisely what defense counsel told the district court. That strikes me as invited error, no matter what happens in the Supreme Court. Your honor, it is what happened below. Counsel did concede that he was an armed career criminal. I want to make sure what you're saying is Moore is against you, but you want to preserve the error as to the structural error, harmless error, all those things. Your honor, Moore is a difficult case for us. I think Moore probably controls here on this now, but you're just trying to preserve the error. Moore ends up not being right. Well, and I also think that the Medley case from the Fourth Circuit brings it into kind of a different light as well. Well, that would be a circuit split. They seem to be on opposite sides of the issue. One says the indictment's defective and structural error, the other says it's just plain error. That's correct, your honor. Okay, so the issue's in the case, but Moore pretty much controls our panel. Yes, yes, your honor. Other than I can't, I think Moore was, was Moore a jury trial or a plea? Do you know? Moore was a, Moore was, I believe, a jury trial. I'll, I'll look at it here. I'm not sure. Thank you. You've answered my questions. There's any further questions? I'll reserve my time for rebuttal. Okay. Um, um, Ms. Geller. Good morning, your honors. May it please the court. As we've been talking about all morning, um, the question here is whether or not Mr. Jones is able to establish plain error and whether or not, in particular, he has shown an impact on his burden. In this trial transcript, we have two officers who both testified that at the time of his arrest, he made an admission that he was a convicted felon. So it's clear based on that transcript that he was aware of his felon status. Specifically, um, officer Joseph testified. I did a record check to confirm the information he had given me, and it was positive. The prosecutor then clarified, when you say the information he had given me, you mean the fact that he was a convicted felon? And the officer answered, yes, yes, sir. Um, that was the first officer who testified officer Joseph. Then the second officer who was present at the same time, officer Suarez also testified consistently with officer Joseph, and he said in his testimony, quote, he stated to me he was a convicted felon, and that was at the time of the arrest. So based on that testimony, which Jones never challenged, it establishes that the knowledge of status element, and it precludes him from showing what he needs to show here, which is an impact on his substantial rights. Jones also has an extensive criminal history, one that is so serious that it qualified him as an armed career criminal. He has a 2000 aggravated assault with a firearm, a 2003 sale of cocaine at a school, and a 2004 resisting arrest with violence and felon or delinquent in possession, which, which we've already discussed. On the latter two of those convictions, he was sentenced to 15 year prison terms. And this court has relied on exactly that sort of evidence from the entire record to conclude that based on the seriousness of the offenses and the amount of prison time that was served, that the defendant would have known that he was a convicted felon. Ms. Geller, would you agree with me that on the other issue that the error was invited? I do agree with you on that, your honor. And that is because the defendant did not just merely fail to object. He went a step further at the sentencing and really fleshed it out and said, I've searched and searched and searched to see if I had a valid argument that I could make a colorable argument on this claim. And there isn't, the law is settled, that that his aggravated assault conviction does qualify under this circuit law as a violent felony. And so, because that is what we have on the record from the defense, it is our position that that was invited error. However, he certainly did not object. So, we would be under a plain error. And even if we were under the more lenient de novo standard, in this case where we have Turner, that clearly establishes that, that this circuit has made that determination that Florida aggravated assault qualifies as an ACA violent felony, that the matter is he's precluded from recovering. And not only do we have Turner, but since Turner, we also have other case law from this circuit, other published finding precedent that has affirmed the conclusions that Turner has reached. So, that's in DeShazior and Golden. So, from all of those published opinions, it does seem like the law is well settled that whether it was invited error or not, under any potential version, the defendant would not be able to recover there. I did want to make one point on the rehafe issue regarding Medley. And that's the Fourth Circuit case that was filed as supplemental authority. I think what is important to recognize about Medley that is distinct from our case here is that Medley really focused on the aggregate error throughout the entire trial. And part of that aggregate error was that it scoured the trial record and could not find any evidence of the defendant having that knowledge of status that he had been a convicted felon. And that's very different than what we have here, because of those admissions from the defendant that came in during the trial, and the defendant's trial or criminal history, as well as the fact that the defendant attempted to hide the firearm, which does indicate a consciousness of guilt. So, all of that taken together, this trial record is in a very different status than in the Medley case. And I would just say that our position is that as far as this case is concerned, Medley is an opposite. Okay, Ms. Geller, do you have anything else? Unless there are any other questions from the court, Your Honor, no, I do not. And we would just ask the court to affirm Mr. Jones's conviction and sentence. Thank you very much. Okay, Ms. Williams, you've saved four minutes for rebuttal. Yes, Your Honor. I go back to the original argument that I had that Mr. Jones had no information that he needed to defend against this knowledge of status element. If he had had that opportunity, things might have been done differently. And that's the point that... My problem with that argument is that on plain error review, you've got to establish more than that. You've got to establish that there's a reason to believe that it would have come out differently. And it seems to me, based on this whole record, there's really nothing to support that. Your Honor, if his purported confession had not come in, it might have been... Why do I think that it wouldn't have? I come back to the point I raised in your opening. That's a bad fact for your client, regardless of whether everyone thinks that there's a mens rea element for the felony status, because it shows his consciousness of guilt of the crime to begin with. And there's every incentive, if there was a basis for keeping that out. And I don't know what it would possibly be. There's nothing in the record that to me suggests that there's something that would have supported a suppression motion. There's every incentive, if there was such a thing, to move to suppress it. Why would I engage in that speculation when the burden's on you? I understand, Your Honor. But as the Medley case, there were other facts in that case as well. I mean, the defendant had served 10 years. There were many things in the Medley case that they brought out. And that court found that it did violate a substantial right. So I just think that there are, if we looked at this case, if Mr. Jones had known what he had to prove, things might have come out differently. Okay. Do you have anything else, Ms. Williams? No, Your Honor. Okay. Thank you very much. We appreciate your argument. Your case is now under submission. And that concludes our week of oral argument. We are adjourned.